IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALBERT NICHOLAS MATHEWS, | ) |
| Plaintiff, | ) Case No. 7:21-cv-00111 |
| v. | ) **MEMORANDUM OPINION** |
| PATRICIA MCCOY and JOHNNY BILLINGER, | ) By: Hon. Thomas T. Cullen |
| | ) United States District Judge |
| Defendants. | ) |

Following a lock-down in the jail where he is housed, during which time he was not permitted to shower for nearly 90 hours, Plaintiff Calbert Nicholas Mathews ("Mathews") filed a complaint in this court under 42 U.S.C. § 1983 against Defendants Patricia McCoy ("McCoy") and Johnny Billinger ("Billinger"), alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. For the reasons discussed below, the court will dismiss this complaint for failing to state a claim under 28 U.S.C. § 1915(b)(1).

## I.  FACTS AND PROCEDURAL HISTORY

Mathews is a prisoner at Haysi Regional Jail. (Compl. ¶ A [ECF No. 1].) He claims that, during a lockdown at the facility, he went 87–88 hours without a shower, with other inmates waiting 94 hours for a shower. (*Id.* ¶ E.) Mathews does not allege any physical or emotional injury as a result of this period without a shower. He brings suit against McCoy as the prison staff member that "locked [him] down," and Billinger as the prison staff member with the authority either to lift the lockdown or let inmates shower. (*Id.*) Mathews seeks $1,000,000 in damages and better training for the prison staff members. (*Id.* ¶ F.)

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915A the court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss a complaint that "fails to state a claim upon which relief may be granted." *Id.* at §1915A(b)(1). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.  ANALYSIS

Mathews's complaint fails to state a claim because the deprivation of a shower for 87–88 hours does not constitute a violation of his Eighth Amendment rights. While the Eighth Amendment protects prisoners from cruel and unusual living conditions, the Constitution does not mandate comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 347–49 (1981). Conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

To establish a claim of unconstitutional prison conditions, the plaintiff must allege: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the first element, the prisoner must show

"significant physical or emotional harm" resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Further, a § 1983 claim requires factual detail about each defendant's personal involvement. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).

Two courts in this district recently determined that deprivation of a shower for periods similar to 87–88 hours does not give rise to a constitutional violation. *See, e.g.*, *Johnson v. McCoy*, No. 7:19-cv-00005, 2021 WL 1113377 (W.D. Va. Mar. 23, 2021); *Harris v. Salmon*, No. 7:21-cv-00160, 2021 WL 2127193 (W.D. Va. May 26, 2021). In *Johnson v. McCoy*, the plaintiff, like Mathews, alleged that he was deprived of a shower for 72 hours during a lockdown. *Johnson*, 2021 WL 11133777 at *7. The court found that, although not ideal, this condition did not deprive Johnson of his constitutional rights, especially since Johnson failed to allege that he suffered any physical or emotional harm as a result. *See id.* at *8 (citing authority holding that similar or longer periods of waiting for a shower did not result in an Eighth Amendment violation). The court came to the same conclusion in *Harris v. Salmon*, where the plaintiff alleged that he had gone a week without showering during solitary confinement. *Harris*, 2021 WL 2127193 at *1. Again, the court determined that this period of time without a shower did not rise to the level of an Eighth Amendment violation. *See id.* at *3 (citing *Johnson*, WL 1113377).

Mathews has not stated facts sufficient for a claim of unconstitutional prison conditions. Alleging a timeframe both similar to and less than that at issue in *Johnson* and *Harris* cases respectively, Mathews's 87–88 hours without a shower does not rise to a denial of his Eighth Amendment rights. Further, like *Johnson,* Mathews fails to allege that he suffered any physical or emotional harm as a result of the time without a shower. Although he adequately

- 4 -

alleges details about McCoy's and Billinger's personal involvement, his complaint still fails because being denied a shower for 87–88 hours does not rise to the level of an Eighth Amendment violation.

## IV. CONCLUSION

Mathews has not alleged facts sufficient to state a claim upon which relief can be granted. Accordingly, his complaint will be dismissed.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Mathews.

**ENTERED** this 10th day of June, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE